## LOORAM v. THIRD-AVE. R. CO.

*(Superior Court of New York City, General Term.    June, 1889.)*

1. DEATH BY WRONGFUL ACT—EVIDENCE.
    In an action for negligently causing the death of plaintiff's intestate, the evidence showed that the immediate cause of death was peritonitis. Plaintiff's medical witnesses testified that that disease might be caused in seven different ways. *Held* that, the jury having found for plaintiff, it is no objection that there was no proof but that several causes which could not be attributed to defendant's negligence existed in the case, as, if a sufficient cause was shown, the presumption is that causes not made to appear did not exist.

2. SAME—OPINION.
    The physician who attended deceased from the time of his injury to his death testified that the immediate cause of death was peritonitis. He was then asked by what the peritonitis was caused. *Held*, that the question was proper, and was not objectionable as too general, and not tracing the cause of death with sufficient certainty.

3. TRIAL—INSTRUCTIONS.
    The court in its charge stated that a certain witness had testified to a certain thing, and added: "If I remember correctly." The attention of the court was not called to the fact that the testimony had been ascribed to the wrong witness, but that part of the charge was excepted to. The court had told the jury that they, and not the court, were to determine what testimony had been given. *Held*, that the exception was without substance.

Appeal from jury term.

Action by Ann Looram, as administratrix of Bernard Looram, deceased, against the Third-Avenue Railroad Company, for the death of plaintiff's intestate. Dr. McCreery, who attended intestate from the time of his injury to

his death, testified that acute peritonitis was the immediate cause of death. He was then asked by what the peritonitis was caused, and replied: "By the shock of the injury." The question was objected to as being too general, and as not tracing the cause of death with sufficient certainty.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*William N. Cohen,* for appellant.   *W. Bourke Cochran* and *Daniel P. Mahony,* for respondent.

SEDGWICK, C. J.   The action was for damages suffered by the next of kin of plaintiff's intestate from the death of intestate, caused by the alleged negligence of servants of defendant.   The first objection for appellant is that there was no proof that the death was caused by the injury received through defendant's negligence as alleged.   The immediate cause of death was peritonitis. The argument for appellant is that plaintiff's medical witnesses testified that peritonitis may be caused in seven different ways, and there was no proof but that several of these causes, which could not have been attributed to defendant's negligence, existed in the case.   There was proof, however, that a certain cause, which the jury might competently find ensued from defendant's negligence, actually existed.   The rule to be applied, there being a sufficient cause shown, is that causes which were not made to appear did not exist. There was no deficiency of proof on this subject.   There was no legal objection to the questions asked of the witness Dr. McCreery.   The court refused to allow a question asked of a medical witness, which was, "What can you say with reasonable certainty were the probabilities of Looram's life or living with that condition that you found?"   While this question was properly excluded, as it only referred to the probability of Looram's living at all with his kidneys in the diseased state proven, the court subsequently allowed an examination on the subject intended, by proper questions asked by the defendant's counsel to as great an extent as he wished.   In his charge the court remarked that a certain witness had testified to a certain thing, adding: "If I remember correctly."   The counsel did not correct the court by turning its attention to the fact that another witness had testified to the matter, and not the witness named by the court, but excepted to that part of the charge.   The court had previously told the jury that they, and not the court, were to determine what testimony had been given.   The exception is without substance. The charge of the court, as made, was without error, and sufficiently comprised all the matters, to which the defendant's requests referred, which should have been charged.   In my opinion, it is irregular to make an exception by inserting in the case that "defendant excepts to foregoing italicized portion of the charge."   An exception must be taken at the trial, and at that time the charge is not in print, and no part of it can be italicized.   The exception can be entertained only by supposing that on the trial there was an exception to a part of the charge represented by the italics in the printed case, and then proceeding to consider the supposed exception.   The verdict cannot be disturbed as excessive in its assessment of damages.   Judgment and order affirmed, with costs.